## UNITED STATES *v.* JANOWITZ ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 49.   Argued October 20, 1921.—Decided November 7, 1921.

A conspiracy to purchase war savings certificates from their owners, remove the stamps therefrom, attach them to other, blank war savings certificates to be illegally procured, write upon the latter the names of persons other than the conspirators, and present them, so stamped and signed, at a post office of the United States

for payment, is a conspiracy to defraud the United States (Crim. Code, § 37) and to commit the offense of altering, with intent to defraud, obligations of the United States (Crim. Code, §§ 37, 148.) P. 45. *United States* v. *Sacks, ante,* 37.
Reversed.

WRIT of error under the Criminal Appeals Act to review a judgment sustaining a demurrer to an indictment.

*Mr. William C. Herron,* with whom *Mr. Assistant Attorney General Stewart* was on the brief, for the United States.

*Mr. Jonah J. Goldstein,* for defendants in error, submitted. *Mr. David Goldstein* and *Mr. Aiken A. Pope* were also on the brief.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This case was submitted with No. 48, *United States* v. *Sacks, ante,* 37. It was decided in the District Court at the same time as the *Sacks Case* and upon the same opinion, the legal propositions being the same in both cases. They were presented upon demurrers to the indictments.

The indictment in the present case is in two counts, the first charging a violation of § 37 of the Criminal Code and the second charging a conspiracy under § 37 to violate § 148. The basis of both is a conspiracy to defraud the United States by the violation of the Act of Congress of September 24, 1917, c. 56, 40 Stat. 291, passed on in *United States* v. *Sacks.* The ways and means of the execution of the conspiracy are described with much detail by a recitation of the Acts of Congress of September 24, 1917, and September 24, 1918, c. 176, 40 Stat. 966, and the provisions of the circulars issued by the Secretary of the Treasury providing for the execution of the purpose of those acts. And specifically, it is averred that the de-

fendants in the case, defendants in error here, purchased from persons not authorized by the Secretary of the Treasury to sell the same, a quantity of war savings certificates of the series of 1918 and 1919, with savings certificate stamps affixed thereto, and that the defendants well knew that the certificates and the stamps were not transferable, were worthless in their hands, and could not be redeemed by them at or prior to maturity dates thereof, and were not payable to anyone save one who had purchased them from an authorized agent of the United States, and to a person whose name was written on them at the time of issue and purchase, but conspired to obtain them for themselves from the United States prior to the maturity date of the certificates and stamps knowing that they were not entitled thereto and that the United States was not obligated to pay them, and thereby defraud the United States.

The defendants as part of their conspiracy, is the further averment, conspired to obtain in a manner contrary to the provisions of the act of Congress to the effect that the amount of certificates sold to any one person at any one time should not exceed $100, a number of blank certificates of a maturity value in excess of $100, to which stamps had not been affixed and on which the name of the owner had not been written, to detach from the certificates so purchased, the stamps, and to affix the stamps to blank certificates and to write upon them the name of some person, other than any one of the defendants, and to present them at a post office of the United States for payment.

To effect the object of the conspiracy it is averred that the defendant Janowitz, at the Southern District of New York, maintained during the months of August and September, 1919, an office for the purpose of purchasing certificates and stamps, and that in the manner described, the defendants at the times and places set forth conspired

to defraud the United States, and one of them did an " act to effect the object of said conspiracy, against the peace of the United States and their dignity and contrary to the form of the statute of the United States in such case made and provided." (§ 37, Crim. Code.)

The second count, with about the same detail of circumstances as contained in the first count, charges that the defendants at a particular time conspired to commit an offense against the United States in that they conspired to alter, with intent to defraud, obligations of the United States, that is, the war savings certificates of the United States issued under the Act of September 24, 1917, with war savings certificate stamps affixed thereto.

It is difficult to succinctly represent the contentions of defendants. Their basic proposition seems to be that the certificates and war stamps were lawfully purchased from the Secretary of the Treasury and became the property of the purchaser and that, therefore, in the absence of an express statutory enactment, the right of the purchaser to alienate or sell them and of the defendants in error to acquire them was absolute and could not be made unlawful by a mere executive regulation. Or, to put it another way, as counsel puts it, " that the exchange, sale, or barter of war savings stamps is a perfectly lawful business under the strictest letter of the enabling statute." The deduction, therefore, is that the Secretary of the Treasury had not power conferred upon him to issue the circulars and prescribe the conditions endorsed upon the certificates, and their violation was no crime but was the exercise of a property right.

This is the ultimate deduction and emphasis of defendants in error's argument. It is not contended that Congress could not have prescribed such limitation, but it is contended Congress did not do so nor authorize the Secretary of the Treasury to do so and that, therefore, his regulations are void. They write, it is asserted, " an en-

tirely new law—a law which would hinder and obstruct persons from the exercise of the valuable property right which such persons have exercised in the full belief of its propriety for some years past."

These contentions prevailed with Judge Hough in the District Court. He said: " When Congress authorized the issuance of ' stamps to evidence payments for or on account of such certificates,' and did not deny to the stamp holders the right of transfer, such right existed. The Treasury has sought to take it away by making the certificates non-transferable. Assuming that power exists to prohibit transfer of the certificates, I am wholly unable to perceive that there is any congressional authority for the Secretary's prohibiting the transferability of the stamps affixed to the certificates.

" Nowhere is it said that any particular stamp shall evidence a payment on any particular certificate.

" This I think is the gist of the matter: Is a regulation which as interpreted, in terms takes away a property right in a manner not specifically authorized by statute, a valid rule? I cannot persuade myself that such is the case." And after citing *United States* v. *Grimaud,* 220 U. S. 506, and other cases, and attempting to confine them to mere " procedural regulation," he said: "A stamp is a thing of value, bought and paid for, and to deprive it of the quality of assignability is a diminution of lawfully existing property rights for which in my judgment congressional action alone will suffice."

The act of Congress has broader meaning than that assigned to it by the District Court, as we expressed in the *Sacks Case,* and there decided that the Secretary had the power which he exercised.

The reasoning of the opinion in that case applies in this, and determines the reversal of the judgment of the District Court. In other words, determines that the facts stated in the counts are sufficient to constitute crimes

under §§ 37 and 148 of the Criminal Code and the Act of Congress of September 24, 1917, properly construed.

> *Judgment reversed and cause remanded for further proceedings in conformity with this opinion.*