## MANDELBAUM *v.* UNITED STATES.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 139. Argued January 15, 1926.—Decided January 25, 1926.

Unregistered War Savings Certificates, issued under the Acts of September 24, 1917, and September 24, 1918, are not payable if lost, even though an indemnity bond be tendered. P. 9.

298 Fed. 295, affirmed.

APPEAL from a judgment of the Circuit Court of Appeals affirming the District Court in dismissing the bill in a suit to recover on lost war savings certificates with stamps attached.

*Mr. Howard L. Bump,* with whom *Mr. James C. Hume* was on the brief, for appellant.

*Assistant Attorney General Letts,* with whom *Solicitor General Mitchell* and *Mr. Harvey B. Cox,* Special Assistant to the Attorney General, were on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit brought in the District Court under its jurisdiction concurrent with the Court of Claims (Judicial Code, § 24, Twentieth; Act of March 3, 1911, c. 231; 36 Stat. 1087,) to recover on War Saving Certificates with stamps attached, issued under the Acts of September 24, 1917, c. 56, § 6; 40 Stat. 288, 291; and of September 24, 1918, c. 176, § 2, 40 Stat. 965, 966. The certificates fell due on January 1, 1923, but were stolen in the preceding year. They bore the name of the plaintiff or of different members of his family who had transferred their claim to him, but they were not registered. The plaintiff offers to give a sufficient bond of indemnity. The bill was dismissed by the District Court and the decree was affirmed by the Circuit Court of Appeals on the ground that the right to recover was excluded by the certificates on their face. 298 Fed. Rep. 295.

The certificates were sheets with blanks for the affixing of stamps issued by the Government for the purpose, face value five dollars each. They were not valid without one stamp affixed, and there were blanks for twenty in all, which could be added from time to time if and when desired. The certificate declared that, subject to the conditions thereon, the owner named on the back would be entitled on January 1, 1923, to receive the amount indicated by the stamps. Among the conditions are provisions for registration and notice that unless registered the United States will not be liable for payment to one not the owner; that upon payment the certificate must be surrendered and a receipt signed by the

owner; and that upon satisfactory evidence of the loss of a registered certificate the owner shall be entitled to payment of the registered amount. We agree with the Circuit Court of Appeals that these conditions very plainly imported what on January 21, 1918, was embodied by the Secretary of the Treasury in an authorized regulation, that unregistered certificates would not be paid if lost. There was good reason for the condition. The stamps are undistinguishable one from another. Therefore they could be detached and put upon another certificate, and it would be impossible for the Government to know whether the stolen stamps that gave the value to the certificate had been paid or not. The offer of indemnity was illusory, and the case is not like that of a lost bond. The condition limited the obligation of the Government to pay and until it is complied with the plaintiff must put up with his loss.

*Decree affirmed.*