In the Matter of the Estate of BERNARD F. HAGAN, Deceased.

Surrogate's Court, Kings County, September 14, 1935.

*Daniel J. Clifford,* for the executor.

*Austin B. Mandel,* for Lily Klepper, respondent.

*Irving A. Feinstein*, for Charles F. McMichaels.

*James F. Twohy*, for John J. Gallagher Sons.

*Meyer Weinstein*, for Anna M. Hagan, administratrix, etc., of Florence M. Hagan, deceased.

*Anthony Cinao*, for Julia Moore, legatee.

*Thomas B. Cullen*, appearing in his own behalf as claimant.

*Solon Weit* [*Harry M. Schechter* of counsel], for the Prudential Insurance Company of America.

Wingate, S. Five questions were presented to the referee, Emil N. Baar, for determination herein. The first concerned the interest of the estate in certain insurance policies. This was withdrawn on the hearing by the concession of the attorney for the estate to the effect that it possessed no interest therein.

The next three questions concerned the claims of the undertaker, of one McMichaels and of Thomas B. Cullen. The dispositions of the referee respecting the first two have not been made the subject of objection. He allowed Mr. Cullen $200 under section 231-a of the Surrogate's Court Act as against his client who characterizes the allowance as exorbitant in spite of the fact that her attorney conceded on the hearing that $125 was a fair and reasonable fee. In the opinion of the court such figure would be somewhat less than reasonable to the attorney, and the amount fixed by the referee will be confirmed.

The chief question of controversy concerned a certain diamond ring which originally belonged to Florence Marie Hagan. At the time of the death of Bernard F. Hagan, who purported to bequeath it specifically to Julia Moore, it was in the possession of Lily Klepper who claimed it as a gift from the decedent. To further complicate the situation, it was also claimed by Anna M. Hagan as administratrix of the estate of Florence Marie Hagan. The several proceedings were consolidated and the task of determining which of the several claimants was entitled to its possession was submitted to the learned referee.

Since some of the parties to the litigation seem to have become confused by reason of the multiplicity of claimants to this single item of property, it will be of advantage to analyze their several positions and the burden of demonstration imposed upon each.

Julia Moore, the specific legatee, would be entitled to receive the ring only on the condition that it was owned by the deceased at the time of his death. Her interests are identical with those of the executor of Bernard F. Hagan since it is by reason of the success of his estate alone that she can take.

The position of Lily Klepper is still more complicated. In order to retain possession of the ring she must prove not only that it was the property of Bernard, but also that it was validly given her by him.

The position of the administratrix of Florence, the original owner of the ring, strikes at the foundation of the rights of recovery of all the others, since it is her position that title to the ring never passed from her intestate to Bernard.

Approaching, now, the question of burden of proof, it is admitted by all concerned that title to the ring was originally in Florence. Subsequent title is asserted both by the estate of Bernard and by Lily Klepper. Since a condition once shown to exist is presumed to continue (*Matter of Kotlik*, 152 Misc. 802, 804, and authorities cited; *Matter of Wanner*, 146 id. 722, 725), the burden of proof was imposed upon both of the latter to demonstrate when and how the title of Florence was divested and became vested in Bernard, and the further burden was imposed on Lily to show that the ring was made the subject of a valid gift by Bernard to her after his valid acquisition of title.

Not only is there no scintilla of evidence in the record to show that title ever passed to Bernard, but the administratrix quite needlessly proved by wholly credible and unimpeached evidence that title remained in Florence up to the moment of her death. The fact that Bernard had the subsequent opportunity to possess himself of the ring and actually had it in his possession, raises an irresistible inference that he converted it unlawfully.

It is obvious, therefore, that both the estate of Bernard and Lily Klepper have failed in sustaining the primary burden of showing a devolution of title to Bernard and that, in consequence, the ring must be awarded to the estate of Florence whose ownership to her engagement ring was never legally divested.

The point in which the learned referee seems to have fallen into error is in his belief that because the estate of Bernard may have a claim for reimbursement for the payment of Florence's funeral expenses against her estate, the two obligations could be permitted to cancel each other. The fallacy in this position is threefold, *first*, it is not apparent on the record that the obligation for repayment, if any exists, is equal in amount to the value of the ring; *second*, the determination that title to the ring was in Bernard would furnish no defense to a subsequent claim against the administratrix of Florence for the repayment of the funeral expenses; and, finally, the devolution of the ring, being specifically bequeathed, would differ from the devolution of the cash, if any, received by the estate of Bernard from the estate of Florence.

That the various opponents of the administratrix of Florence sense the weakness of their position on the record is demonstrated by their stress of the alleged defense of laches in the assertion of her claim. This demonstrates merely their failure to appreciate that a discovery proceeding is in no sense equitable in nature but is merely a replevin in the Surrogate's Court (*Matter of Blair*, 151 Misc. 192, 193; modfd. on other grounds, 242 App. Div. 689; *Matter of Enright*, 149 Misc. 353, 355), the sole questions involved being the purely legal ones of title and right to immediate possession. In the ordinary run of such cases, there can be no question of laches until the expiration of the usual limitation on recovery by action, which has not here occurred.

For the reasons stated, the report of the learned referee will be modified by awarding the ring in question to Anna M. Hagan in her capacity as administratrix of the estate of Florence Marie Hagan, deceased, but will be confirmed in all other respects.

Enter decree on notice.