In the Matter of the Estate of WILLIE BALLARD, Deceased.

Surrogate's Court, New York County, January 26, 1937.

*Seth V. Elting*, for the petitioner.

*John M. A. Blair*, for the respondent.

FOLEY, S. In this discovery proceeding the respondent claims a gift to her by the decedent of two adjusted service bonds of the United States issued to and registered in his name. The novel question is presented as to whether these bonds may be the subject of a gift *inter vivos* or *causa mortis*, assuming that all of the usual requisites of a valid gift had been proven. That question does not appear to have been considered in any reported decision. The bonds are commonly known as " Veterans' Bonus Bonds." They are officially described as adjusted service bonds of 1945. They were issued to the decedent in the year 1936. They contain on their face the statement that the decedent is the registered owner; that they are not transferable, assignable or subject to attachment, levy or seizure under any legal or equitable process; and that they are payable only to the registered owner, or, in case of death or incompetence, to the representative of his estate. They were issued pursuant to the provisions of title 38 of the United States Code, entitled " Pensions, Bonuses, and Veterans' Relief." Section 686-c of chapter 11A of title 38 provides in part as follows: " The amount certified pursuant to section 686 of this title shall be paid to the veteran or his estate on or after June 15, 1936, by the Secretary of the Treasury by the issuance of bonds of the United States, registered in the name of the veteran only, in denominations * * *. The bonds shall be dated June 15, 1936, and shall mature on June 15, 1945, but shall be redeemable at the option of the veteran or his estate at any time, at such places, including post offices, as the Secretary of the Treasury may designate. Such bonds shall be issued under the authority and subject to the provisions of the Second Liberty Bond Act, as amended, and shall not be transferable, assignable, subject to attachment, levy, or seizure

under any legal or equitable process and shall be payable only to the veteran or, in case of death or incompetence of the veteran, to the representative of his estate."

Necessarily Congress, in providing for the issuance of these bonds to World war veterans, had the right to prescribe conditions to prohibit the assignment or the transfer of the bonds or to prevent the vesting in the assignee or transferee of ownership or the right to receive their cash value. These restrictions were undoubtedly adopted as a matter of public policy for the protection of the veteran. It was the legislative intent that an improvident sale of these securities should be prevented and that no transfer by way of gift or otherwise should be countenanced. The ordinary rule that a gift of securities or property may be made by manual delivery or symbolic delivery or by a writing evidencing the gift (*Matter of Cohn*, 187 App. Div. 392) has no application to these securities. The statute under which they were issued prohibits the vesting of title in the transferee, except by operation of law in the event of the death or incompetence of the owner when his legal representative may take possession as a fiduciary. I accordingly hold, irrespective of the insufficiency of proof of the gift, that this class of bonds cannot be the subject of a valid and effective gift *inter vivos* or *causa mortis*. The bonds are the property of the estate.

The automobile sought to be recovered is determined to be the property of the respondent. Her ownership is supported by the documentary evidence, particularly by the bill of sale made by the seller to her.

The counterclaim of the respondent in the sum of $720 for board and maintenance alleged to have been furnished to the decedent is not substantiated and is disallowed.

Submit decree on notice accordingly.