## In re BARTLETT.

### No. 33632.

District Court, N. D. New York.

March 27, 1947.

Merrill & Bigness, of Watertown, N. Y., for bankrupt.

Tripp and Dunk, of Watertown, N. Y., for trustee.

BRENNAN, District Judge.

The bankrupt seeks a review of the order of the Referee in Bankruptcy herein, which in substance provides that the bankrupt turn over to the trustee some 13 Series E United States War Savings bonds which have an aggregate maturity value of $600. The order further empowers the trustee to redeem the bonds and receive the proceeds thereof.

The controversy arises out of the following facts concerning which there is no serious dispute: On June 9, 1945, Harold M. Bartlett of Watertown, New York, was adjudicated a bankrupt upon his voluntary petition. The proceeding was referred to a Referee in Bankruptcy, and upon an examination before the Referee it appeared that between May, 1943, and June, 1945, the bankrupt purchased the bonds above referred to through a payroll deduction plan. The full purchase price of each bond was obtained through such payroll deductions, and no person other than the bankrupt contributed in any manner to the pur-

chase price thereof. The bonds were issued in the so-called "beneficiary form" ; that is, in the name of Harold M. Bartlett, payable on death to Mrs. Anna Bartlett. As the bonds were issued and came into the possession of the bankrupt they were handed to his mother, Mrs. Anna Bartlett, the named beneficiary. At the time they came into the possession of Mrs. Bartlett she claims that the bankrupt handed them to her as "your insurance" ; "he gave them to me for myself for insurance for me." The bankrupt himself in effect states that he gave them to his mother, "in case anything happened to me, or if possibly she needed them she could notify me, and she could go and cash them in, and let her use the money for her own means." The bonds were in the possession of Mrs. Bartlett at the time the petition in bankruptcy was filed, but were obtained by the bankrupt and turned over to the Referee to be retained in his possession until this proceeding was terminated.

■ No question is raised as to the Referee's jurisdiction to dispose summarily of the question of the ownership of the bonds. It may readily be inferred that the bankrupt had such a constructive possession of the bonds at the time of the examination, so as to give the bankruptcy court summary jurisdiction, or that they were held by Mrs. Bartlett under such an arrangement that the bankrupt could obtain possession thereof for the asking. In either event, especially in the absence of objections, the jurisdiction of the Bankruptcy Court appears to exist. In re Eakin, 2 Cir., 154 F.2d 717.

The Referee, after making findings of fact which are not disputed here, concluded that the bankrupt was the owner of the bonds in question; that they were his sole property and that they should be delivered to the trustee. He also concluded that Mrs. Anna Bartlett, the beneficiary, did not acquire any interest in the bonds by their delivery to her.

■ The bankrupt does not specifically object to any of the findings of fact of the Referee, which, of course, must be accepted by the Court unless clearly erroneous. General Order 47, 11 U.S.C.A. following section 53. He contends that the Referee

erred in his conclusion of law that the bankrupt was the sole owner of the bonds in question. His claims seem to be (a) that the beneficiary became the owner of the bonds by reason of gift; (b) that the bonds were in substance life insurance policies, and as such are exempt from the claims of creditors; (c) that the bonds themselves by their terms created in the beneficiary at the time of their issuance a financial interest therein. No reported authority is cited which sustains any one of such contentions.

■ The contention that the bankrupt parted with his ownership in the bonds by reason of the gift of same to his mother may be speedily disposed of. The Act, 31 U.S.C.A. § 757c, pursuant to which the bonds were issued, itself provides that the bonds when issued may be restricted as to transfer by regulation prescribed by the Secretary of the Treasury. Such regulations have the force of law. Maryland Casualty Co. v. United States, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297. The bonds recite on their face that they are not transferable, and the regulations above referred to so provide. Code of Fed.Reg., Cum. Supp, Title 31, Section 315.8.

The terms of the bonds themselves and the unequivocal language of the regulations relating thereto prohibit the transfer of the owner's interest therein by gift. Matter of Owens' Estate, 177 Misc. 1006, 32 N.Y.S.2d 747; Saper v. Sussman, 185 Misc. 277, 56 N.Y.S.2d 377. Inquiry as to the sufficiency of the evidence to establish whether or not a gift had in fact been made in the instant case is, therefore, unnecessary.

■ The exemptions provided in Section 166 of the Insurance Law of the State of New York, Consol.Laws, c. 28, may not be applied to the bonds in question. It may be true that the rights of the beneficiary under the bonds and under certain types of insurance policies are analogous (Matter of Deyo, 180 Misc. 32, at page 42, 42 N.Y. S.2d 379), but it does not follow that the instruments creating the rights are either identical or analogous. The death of the owner would not affect the liability of the United States, either in amount or time of payment. It only ripened the rights of the

beneficiary. The obligation was not affected.

The Act authorizing the issuance of the bonds clearly indicates that bonds, certificates and stamps, which were to represent a financial obligation of the United States, were authorized. The terms used were accorded their usual meaning, and no strained interpretation either of the insurance law or of the bonds themselves should be adopted which would destroy the Congressional intent.

The bankrupt's remaining contention that the beneficiary has an interest in the bonds requires the determination of the question as to whether or not Series E, United States War Bonds, issued in the beneficiary form a part of the assets of the estate of the bankrupt owner. This question has been determined adversely to the bankrupt's contention in the case of Saper v. Sussman, supra. No decision of a federal court has been cited where the question seems to have been directly passed upon. However, the cases of In re Wyche, D.C., 51 F.Supp. 825 and Morris Plan Industrial Bank v. Finn, 2 Cir., 149 F.2d 591, seem to assume without directly deciding that such bonds are assets of the bankrupt owner's estate. There does not seem to be any room for doubt but what Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, by its terms, includes such bonds. The fact that an interest therein is created in the beneficiary at the time of the issuance of the bonds (Matter of Deyo, 180 Misc. 32, 42 N.Y.S.2d 379), does not release them from the provisions of Section 70 above referred to. The beneficiary's right is conditioned. It is enforceable only when the contingency has taken place. The regulations above referred to (Sections 315.8 and 315.34) provide that payment would be made only to the registered owner during his lifetime as if no beneficiary had been named. It would seem plain that the cash value of each bond may be obtained by the bankrupt without the cooperation of the beneficiary. It follows that the beneficiary has no present enforceable financial interest or ownership therein.

The regulations in no way conflict with the laws of the State of New York. Matter of Deyo, supra, 180 Misc. at page 40, 42 N.Y.S.2d 379.

The Referee's conclusion to the effect that the bankrupt was the sole owner of the bonds in question, and that they should be surrendered to the trustee so that he might enforce the creditors' rights afforded in Section 315.51, etc., of the regulations is entirely correct.

The order of the Referee is affirmed.