## Thomas v. McGroarty, Admx.

*S. Keene Mitchell, Jr.,* for plaintiff.
*Collins & Collins,* for defendant.

FLANNERY, J., for court en banc, July 29, 1948.—
James J. Conway died, intestate, on December 1, 1947, and left, inter alia, six certain United States Government defense bonds, series G, issued in the name of James J. Conway and Margaret C. Thomas, whose numbers, dates of issue and values are as follows:

| No. | Date of Issue | Value |
|---|---|---|
| M5361992 G | February 1, 1947.. | $1,000.00 |
| M5361993 G | February 1, 1947.. | 1,000.00 |
| M5361994 G | February 1, 1947.. | 1,000.00 |
| M5361995 G | February 1, 1947.. | 1,000.00 |
| M5361996 G | February 1, 1947.. | 1,000.00 |
| M5361997 G | February 1, 1947.. | 1,000.00 |

Prior to, and at the time of decedent's death, they were and remained in his exclusive possession and are

now in the control and possession of Agnes C. Mc-Groarty, his administratrix.

Plaintiff, Margaret C. Thomas, claims the bonds as alternate payee, and instituted this action in replevin. Defendant, administratrix, defends, claiming the bonds were the sole property of decedent and are now part of his estate. To this contention set out in defendant's answer and new matter plaintiff demurs.

The question so raised is now before us.

In determining ownership it is elemental that we consider the circumstances under which the bonds were issued, sold and registered. It appears these were issued under section 22 of the Second Liberty Bond Act, as amended by the Act of February 4, 1935, 49 Stat. at L. 21, as amended by the Public Debt Act of February 19, 1941, as amended, 55 Stat. at L. 7, 31 U. S. C. §757c. This section provides:

"(a) The Secretary of the Treasury, with the approval of the President, is authorized to issue, from time to time, through the Postal Service or otherwise, United States savings bonds and United States Treasury savings certificates, the proceeds of which shall be available to meet any public expenditures authorized by law, and to retire any outstanding obligations of the United States bearing interest or issued on a discount basis. The various issues and series of the savings bonds and the savings certificates shall be in such forms, shall be offered in such amounts, subject to the limitation imposed by section 757b of this title, and shall be issued in such manner and subject to such terms and conditions consistent with subsections (b), (c), and (d) hereof, and including any restrictions on their transfer, as the Secretary of the Treasury may from time to time prescribe."

By the authority of this enactment the bonds under consideration were issued on February 1, 1947, and they were issued in the manner and subject to such

terms and conditions as the Secretary of the Treasury did prescribe. Among "such terms and conditions" the regulations so prescribed provided:

"Reg. Sec. 315.5 . . . Bonds of Series F or G may be registered in the names of individuals (natural persons) in their own right as set forth in Section 315.4, subject to the same conditions as therein set forth, . . ."

"(2) Two Persons—Coownership Form:

"In the names of two (but not more than two) persons in the alternative as co-owners, for example:

" 'John A. Jones or Mrs. Ella S. Jones.'

"No other form of registration establishing coownership is authorized": Federal Banking Law Reporter, 8502.

And the general payment and redemption provisions of these regulations provide:

"(c) Payment or Reissue After the Death of One Co-owner. If either co-owner dies without the bond having been presented and surrendered for payment or authorized reissue, the surviving co-owner will be recognized as the sole and absolute owner of the bond and payment or reissue, as though the bond were registered in his name alone, will be made only to such survivor. If the survivor requests reissue, he must present proof of the death of the other co-owner. If a co-owner dies after he has presented and surrendered the bond for payment, payment of the bond or check, if one has been issued, will be made to his estate (see Subpart N). If either co-owner dies after the bond has been presented and surrendered for authorized reissue, the bond will be treated as though such reissue had been made before the death of such co-owner (see Section 315.35)": Treasury Regulations, sec. 315.45(c), Federal Banking Law Reporter, 8516.

The record does not show that Margaret C. Thomas, plaintiff, sister of decedent and coöwner in the instant

case, had any knowledge of the transaction, and it is apparent that there was no delivery of the bonds to her as they remained in the possession of the registered owner until the time of his death. Yet, under the law, the bonds in controversy constituted a contract between the United States Government and James J. Conway, wherein Margaret C. Thomas is the donee beneficiary. Her rights as beneficiary arise solely from this contract and not from a sale, a devise or a direct gift. Congress under the Constitution, art. I, sec. 8, cl. 2, most assuredly has the right to borrow money on the credit of the United States. That borrowing power necessarily includes the power to fix the terms of the government's obligations and the Treasury regulations are within the authority given the Secretary of the Treasury by the Congress and have the force of Federal Law: United States v. Janowitz et al., 257 U. S. 42, 42 S. Ct. 40.

Rules and regulations prescribed by administrative bodies and officers and which are adopted pursuant to authority of an Act of Congress, so long as they are reasonably adapted to the enforcement of the Act, and are not in conflict with express statutory provisions, have the force and effect of law: Maryland Casualty Company v. United States, 251 U. S. 342, 349, 40 S. Ct. 155.

We are constrained to conclude, therefore, that the bonds—together with the statutes and the Treasury regulations—constitute a valid and binding contract determining the rights of the parties therein and controlling the ownership and title to said bonds.

When James J. Conway made such a contract with the Federal Government it is presumed that he was acquainted with its legal effect. When he placed the name of his sister, Margaret C. Thomas, plaintiff here, on those bonds it must be assumed that he did so with full knowledge of the Federal regulations which gov-

erned that arrangement. And when he permitted this situation to continue undisturbed until his death it is assumed that he intended the consequences as provided in the Treasury regulations: United States v. Dauphin Deposit Trust Co. et al., 50 F. Supp. 73; Evans' Estate, 57 D. & C. 55.

What right then would his estate have to defeat his contract with the Federal Government? It is in this case a mere volunteer. Counsel submits as authority Dempsey v. First National Bank of Scranton, 359 Pa. 177. But that case has no relevancy to the facts here. There decedent before her death placed her funds in a joint account in the names of herself, "Ellen E. McCarty or Mary G. Dempsey, or James J. Dempsey, Jr.". Dempsey then withdrew $36,000 from that account and purchased United States Government bonds in his name or that of his sister, Mary G. Dempsey. When Miss McCarty learned of this she confronted him and demanded an explanation. He thereupon entered into an agreement to return the bonds, cash, etc. The question before the court there was whether or not there had been a gift inter vivos of the moneys in the bank account. That has no bearing on the issue here. He also quotes Glessner, Excrx., v. Security-Peoples Trust Co. et al., 156 Pa. Superior Ct. 56. There again the subject of the law suit was a joint bank account claimed by the survivor and again the principal question before the court was the sufficiency of the evidence to determine whether or not there was a gift inter vivos.

Accordingly, plaintiff, Margaret C. Thomas, is the sole and absolute owner of the defense bonds which are the subject of this replevin action and defendant's answer is insufficient as a matter of law.

Plaintiff's preliminary objections to defendant's answer and new matter in the nature of a demurrer are

sustained and defendant is given 20 days in which to file an amended answer, valid in law, otherwise judgment.