In the Matter of the Estate of MINNA A. FRANKE, Deceased.

Surrogate's Court, New York County, July 29, 1949.

*James R. Cherry* for Ottilie F. M. Winslow, petitioner.

*Terence J. Mullen* for William H. Amend, as executor of Minna A. Franke, deceased, respondent.

*John F. X. McGohey, United States Attorney for the Southern District of New York (James A. Devlin* of counsel), for Tom C. Clark, Attorney General of the United States, as successor to the Alien Property Custodian, respondent.

FRANKENTHALER, S. Petitioner seeks delivery to her of personal property now in the possession of the executor, pursuant to section 206-a of the Surrogate's Court Act. The evidence shows that the petitioner received as a wedding present from deceased certain jewelry, part of the property here in question,

at a prenuptial celebration held in her behalf; that petitioner, about to depart for Germany, redelivered the jewelry to deceased, her mother, for its safekeeping (cf. *Matter of Simonetti,* N. Y. L. J., May 27, 1949, p. 1906, col. 7). She was detained in Germany because of the recent war. The evidence clearly establishes the effectuation of a valid gift *inter vivos* to petitioner, the jewelry being thereafter placed in the custody of deceased (*Grey* v. *Grey,* 47 N. Y. 552; *Matter of Owens,* 177 Misc. 1006).

There is also sought to be recovered a large oil painting previously bequeathed to petitioner by another testator. That painting also was held in the custody of deceased during petitioner's sojourn abroad. There is no evidence of any beneficial transfer thereof to deceased. Ownership by petitioner is presumed to continue (*Wilkins* v. *Earle,* 44 N. Y. 172; *Matter of Hagan,* 157 Misc. 378).

The court holds that the items sought are the individual property of petitioner and do not constitute a part of decedent's estate. That estate, itself bequeathed *in toto* to petitioner, has been vested by the Attorney General because of the alien status of this sole legatee. The assistant United States attorney has asked the court to " direct the executor to hold this property and to report it to the Attorney General " to await his determination whether it is also to be vested. Section 7 of the Trading with the Enemy Act, as amended (U. S. Code, tit. 50, Appendix, § 7) requires any person holding property belonging to an enemy alien to notify the proper Federal authorities of that fact, so that they may take steps, if so advised, to " vest " title to the property.

It has now been determined that the executor is in possession of property belonging to this petitioner. It must be assumed that the executor will perform his duty in conformity with law. For this court it is sufficient to determine title to the property and to direct the executor to turn it over to the present rightful owner. If, before compliance by the executor with this decree, the Federal Government shall determine by appropriate action that title is to be vested in and the property delivered to itself, the executor must comply therewith. But pending such hypothetical action, this court cannot direct a retention of the property for an indefinite period of time.

Submit, on notice, decree directing delivery of the property to the petitioner.