In the Matter of the Estate of EVA R. GAVEY, Deceased.

Surrogate's Court, Kings County, April 13, 1933.

*Rosendale & Dodd* [*George Rosendale* of counsel], for the petitioner.

*Anderson, Gasser, Ferris & Anderson* [*J. Wesley Seward* of counsel], for the respondent.

WINGATE, S. The testatrix in this proceeding died on July 27, 1929, after performing that most frequently disastrous of ultra-hazardous acts, the execution of a home-made will. Letters testamentary were issued to the executor therein named on September 11, 1929. The will, after directing payment of funeral

expenses, gave testatrix's personal effects to Mildred Gavey; two legacies of one hundred dollars each to two individuals, and then provided as follows: " I give to my brother, William S. Gavey, the sum of $1,000, or such sum as he may deem sufficient, more or less to be used to put our plot in Greenwood Cemetery in perpetual care of Greenwood Corporation." Then followed gifts of testatrix's International Nickel and Columbia Banking Company stock to her brother, William S. Gavey. These were followed by the following direction: " I give to my sister-in-law, Mildred Millar Gavey, all real estates, monies in bank or other monies or any residuary estate, of which I may be possessed." Her brother, William S. Gavey, the present accountant, was then appointed executor.

This is a proceeding for a compulsory accounting brought by the Greenwood Cemetery, with which a subsequent voluntary proceeding has been consolidated.

The executor adopts the position that the last quoted clause of the will effects a specific gift to Mildred Millar Gavey of all parts of the estate, other than the personal effects and the stocks of the two companies which were specifically bequeathed by the earlier paragraphs. In this connection, however, his administration of the estate has developed a number of patent inconsistencies. His account demonstrates that from the property which he thus claims to have been specifically bequeathed to Mildred, he paid not only the funeral and testamentary expenses and debts, but also the two general legacies of $100 each contained in the previous paragraphs of the will, and that from this sum he also paid commissions to himself.

It is primary that in the event of a deficiency of assets in an estate, all legacies of the same class must abate *pro rata*. (See *Taylor* v. *Dodd*, 58 N. Y. 335, 349; *Matter of Smallman*, 138 Misc. 889, 891; *Matter of Howland*, 120 id. 224, 226.) The application of this principle, if the final gift to Mildred were really a specific legacy, would require that the debts and expenses for funeral and administration of the estate should be paid *pro rata* from all specific gifts, including the two gifts of stock to the accountant, and that they should not be imposed solely upon this one to Mildred.

If the gift to Mildred were, as contended, a specific legacy, any deductions therefrom for the payment of the two general legacies of $100 would be entirely indefensible, since the payment of general legacies is, on fundamental principles, postponed to the solution of obligations arising from specific gifts. (*Taylor* v. *Dodd*, 58 N. Y. 335, 349; *Matter of Smallman*, 138 Misc. 889, 898, 905, and cases cited.)

Finally, it is basic that an executor cannot be allowed any commissions whatsoever on specific gifts (*Matter of Anable*, 139 Misc. 914, 918; *Matter of Terwilligar*, 142 id. 249, 254; *Matter of Baker*, 146 id. 437, 438), with the result that if the contention of the executor that all of the property of the decedent was specifically given is correct, he would be entitled to no commissions whatsoever.

Of course, the true solution of the problem is that the gift to Mildred in the last paragraph of the will is not specific, but residuary. In determining any such question, the will must be read as a whole. (*Matter of Farkouh*, 134 Misc. 285, 286; *Matter of Gargiulo*, Id. 182, 185; *Matter of Kirkman*, Id. 527, 528; *Matter of Gargiulo*, 138 id. 90, 98; *Matter of Grauer*, 146 id. 469, 471.) If this will be so read, it is obvious that testatrix had no intention of making specific gifts of all her property. In the first place, it will not be presumed that the testatrix desired to divest her estate of all property which would normally be subject to use for payment of debts and funeral and testamentary expenses. (See *Matter of Reich*, 146 Misc. 616, 620.) Furthermore, it will be presumed that the will was honestly drawn and that the testatrix expected all benefits therein given to be paid. (*Matter of Smallman*, 138 Misc. 889, 897; *Matter of Rae*, 140 id. 530, 531; *Matter of Hoffmann*, 146 id. 535, 536.) Such would not be the case in respect to the two general legacies of $100 each if she had specifically given away all of the property belonging to her in the manner contended for by the executor.

Reading the will as a whole, it is obvious that the final dispositive paragraph thereof is merely intended to supply the ordinary residuary gift. This fact is not altered by the inclusion therein of an enumeration of specific items of property. (*Matter of Crouse*, 244 N. Y. 400, 404; *Matter of Smallman*, 138 Misc. 889, 904.)

It follows, therefore, that since this gift to Mildred is merely of the residue of the estate, nothing is payable to her in this regard until all general and specific legacies contained in the will have been paid in full. (*Matter of Smallman*, 141 Misc. 796, 800; *Matter of Mead*, 145 id. 893, 897.)

It will be obvious from the foregoing that the gift to the executor for the benefit of Greenwood Cemetery is a general legacy, in like manner with the two previous legacies of $100 each. The contention of the cemetery that it is entitled to preference in payment over other general legacies, as a funeral expense, cannot be sustained. The testimony shows that the plot referred to contains seven graves, only one of which is occupied by the remains of the testatrix. The gift is for the general maintenance of the entire plot, and is obviously, therefore, not to be considered solely as a funeral expense of the testatrix. Further than this, however, the amount of the gift,

when added to the charge of the undertaker and attendant expenses, would considerably exceed the reasonable limits which alone are given statutory preference. (*Matter of Smallman*, 138 Misc. 889, 893, 894; *Matter of Randolph*, 146 id. 879.) It must, therefore, be determined that this legacy is merely a general one to be paid on a strict parity with the two legacies of $100 each.

Under somewhat different circumstances an interesting question might arise as to whether the discretionary power of the executor as a legatee in trust of this gift, extended to the point of permitting him to determine that nothing whatsoever should be paid thereon. The language of the will makes the amount of the legacy discretionary with him. Whether or not he could be permitted to determine that in spite of the manifest intention of the testatrix that a certain sum, adequate for the purpose, should be used, nothing whatsoever should be paid, may, however, be left to be decided on some future occasion. To entirely eliminate the discretionary power of the executor, as is urged by the cemetery, is impossible, without rewriting the will, which the court cannot do. (*Matter of Shumway*, 138 Misc. 429, 434; *Matter of Howells*, 145 id. 557, 559; *Matter of Canter*, 146 id. 123, 127.)

Fortunately for present purposes, the executor has solved the difficulty as to the amount which he deems necessary under the terms of his discretionary power. In his affidavit for purposes of transfer tax, verified Spetember 3, 1929, and filed in this court on the sixth of the same month, he has specified the amount of the payment to be made to the Greenwood Cemetery as $500. Having determined the question in this way, he should be estopped to adopt the position that nothing whatsoever is payable in this connection.

The testimony adduced on behalf of the cemetery to the effect that $1,000 is the minimum requisite for the object envisaged in the gift is immaterial, since the discretion in respect to the fixing of the sum to be paid was vested in the executor. In the event that the cemetery still feels, upon a tender of this sum, that it cannot accept the gift for the purpose indicated, it has it within its power to renounce the legacy.

The result of the foregoing is that from the gross estate amounting to $6,608.15, will first be deducted the specific gifts of the jewelry to Mildred and of the stock to William, which possess an aggregate value of $4,158.75. This leaves a net general estate of $2,449.40. Deducting from this the funeral and administration expenses, exclusive of the commissions claimed, and the debts which have been allowed and paid, the aggregate total of which items is $1,620.50, leaves a net estate of $828.90. From this the general legacies for the benefit of Greenwood Cemetery in the sum of $500,

and the two general legacies of $100 each are to be deducted, leaving a net balance of $128.90. From this sum executor's commissions as computed, amounting to $107.20, will be allowed, which leaves the sum of $21.70 payable as the residuary gift to Mildred. Since she has been paid the sum of $696.44, the executor will be surcharged with the difference.

Payment of the general legacy to the Greenwood Cemetery was due on September 11, 1930, which was one year after the granting of letters. It is, therefore, entitled to legal interest on $500 from that date. (*Matter of Burroughs*, 137 Misc. 844, 852; *Matter of Murdoch*, 142 id. 186, 188; *Matter of Shevlin*, 143 id. 213, 215; *Matter of Stulman*, 146 id. 861.) The executor will be surcharged with a sum sufficient to pay this interest from the date when the legacy was thus due, up to the time of its final payment.

In spite of the fact that all of the trouble in the present estate has been caused by the somewhat arbitrary and extra-legal actions of the executor, the court, in its discretion, will not deny him commissions, as urged by the respondents. (*Matter of Taft*, 145 Misc. 435.) It will, however, deny him costs of the present proceeding, and will grant costs to Greenwood Cemetery, which was obliged to bring this matter on for settlement by its compulsory proceeding, such costs to be payable by the executor personally.

Proceed accordingly.