In the Matter of the Estate of HENRIETTA H. JOHNSON, Deceased.

Surrogate's Court, Kings County, June 22, 1933.

*F. P. Trautmann*, for the executors.

*Merchant, Olema & Flagg*, for the general guardian.

WINGATE, S. The testimony respecting declarations of the testatrix and her husband at the time of the execution of the will regarding their testamentary intent was clearly incompetent and has been disregarded by the court in attaining its result. In consequence, the interpretation of the will must be based almost wholly upon the instrument itself.

Its directions are simple. The entire estate was erected into a trust for testatrix's husband for life, with directions that upon his death a trust fund of $50,000 should be erected for her grandchild. This item concluded with the following words: "Upon my Executors setting apart the sum of Fifty-thousand ($50,000) Dollars, as hereinbefore directed, they may do so by transferring any part or portion of the stocks and securities at par value thereof which they may then have and hold in trust for the benefit of my

husband as provided in the preceding paragraph marked ' Second.' ''
In this paragraph the words '' at par value thereof '' were interlined
in the will and such alteration of the instrument, as originally
written, was noted by the subscribing witnesses as having been
made prior to the execution.

The remainder of the estate was given to testatrix's daughter,
who, with her husband, was appointed executrix with extremely
broad powers, including the right to purchase and hold legally
unauthorized securities.

Testatrix's husband predeceased her, and the executrix and
executor have allocated to the trust for the grandaughter securities
received from the decedent which possess a par value of $50,000
but have a present market value of approximately $23,000 less.
The instant controversy centers upon this act, it being the con-
tention of the granddaughter, through her guardian, that she is
entitled to either $50,000 in cash or the equivalent in securities
possessing such a market value.

The objecting party urges that the authorization to employ
securities at their par value in setting up the trust is limited to
those which formed a part of the corpus of the primary trust for
the husband; that no such trust was ever erected by reason of his
predecease, and that consequently it was beyond the power of the
executors to allocate securities indiscriminately from the entire
estate. This contention loses sight of the fact that the entire
estate was dedicated to the primary trust, by reason of which
fact, coupled with the authorization to continue in the trust all
securities coming from the decedent, the two sources were identical.

This position being legally untenable, there remains, on the
question of interpretation, merely the unequivocal direction of the
testatrix that securities for the purpose of computing the gift
should be taken as being worth the value which she specified.
Obviously this direction, like any other not contrary to express
legal inhibition, was within her absolute power. She could, if
she chose, have directed that the gift in question be solved by the
giving of an old article of clothing and, if her intent in this regard
was clear, no one could be heard to protest against the extent or
manner of making the gift.

That testatrix possessed substantially unlimited confidence in
her chosen fiduciaries is entirely patent from the general tenor of
the will. The discretion, within well-defined limits, given them
regarding the erection of the trust in present controversy, is but
another instance of this attitude of mind, and absent any demonstra-
tion of fraud or gross unfairness on the part of the donees of this

power, the court cannot interfere with their acts in its execution. (*Matter of Gavey*, 147 Misc. 332, 336.)

Evidence of any fraud or unfairness in the allocation made is wholly lacking; in fact the tabulation of the guardian affirmatively demonstrates their absence. The objection must, accordingly, be overruled.

Proceed accordingly.