In the Matter of the Accounting of GEORGE B. CURRIER, as Executor of IDA M. LARET, Deceased.

Surrogate's Court, Westchester County, February 21, 1949.

*Walter H. Young* for executor, petitioner.

*Joseph Sachter* for Adelaide H. Baumer, as committee of the person and property of Frederick W. Baumer, an incompetent, claimant, respondent.

GRIFFITHS, S. The question presented for determination in this executor's accounting proceeding is the validity of a claim of the respondent, Adelaide H. Baumer, as committee of the person and property of Frederick W. Baumer, her father, an incompetent.

The decedent was a sister of the incompetent, both of them residing in the city of New Rochelle. On February 17, 1944, the said Frederick W. Baumer purchased, in his own name, a United States Savings Bond, series " G " in the face amount of $5,000. Shortly thereafter he submitted said bond to a local bank with a request for its reissuance in the following form: " Frederick W. Baumer or Ida M. Laret ". In conformity with such registration the semiannual interest checks were made to the order of " Frederick W. Baumer or Ida M. Laret ", and were addressed to the place of residence of Mr. Baumer in New Rochelle. The evidence shows that, with the exception of the first two, such checks were actually deposited in the bank account of the decedent. On August 4, 1947, the decedent presented said bond to a New Rochelle bank with a request for payment as of October 1, 1947. The decedent died August 7, 1947. The records of the Treasury Department show that the redemption value of the bond, amounting to $4,740, was paid by a check dated October 1, 1947, to the order of " Mrs. Ida M.

Laret, 248 Centre Avenue, New Rochelle, New York ''. This check was deposited on December 8, 1947, to the credit of a bank account in the name of the legal representative of the estate. The said Frederick W. Baumer was adjudged an incompetent on December 17, 1947.

The accountant asserts that the proceeds of said bond are property of the decedent, contending that the Federal statutes and Treasury Department regulations promulgated pursuant thereto conferred upon either co-owner the absolute right to present the bond for payment and to receive the proceeds thereof at any time. Counsel for claimant contends that the title of the estate to the funds in question rests upon the establishment of a valid *inter vivos* gift of the bond in question by Mr. Baumer to his sister, the decedent. He contends that the proof is insufficient to establish such a gift and further that the mental condition of incompetent at the time that the transaction took place requires the court to scrutinize the dealings between the parties with the greatest care.

The court is satisfied that at the time of the purchase of the bond and the subsequent reissue thereof in the name of both the decedent and her brother, the latter was competent and capable of managing his affairs. There is proof that approximately twenty months subsequent to such reissue and in September of 1946, Mr. Baumer executed a contract for the sale of real property and later in October of the same year, executed a deed to the premises covered by such contract. The acknowledgment of the deed was taken before a notary public who is a reputable member of the bar of this county. Moreover, in August, 1947, the respondent committee acted under a power of attorney executed by her father in connection with the liquidation of his corporation, the F. W. Baumer & Company.

That said registration of the bond continued to the date of its presentment for redemption is undisputed. Under such circumstances, the rights of the parties are not determinable by the law governing *inter vivos* gifts. Following the decision in *Deyo* v. *Adams* (178 Misc. 859), the Legislature enacted section 24 of the Personal Property Law, effective April 19, 1943 (L. 1943, ch. 632). Whatever doubt may have existed prior to the enactment of this statute with respect to the rights of owners of United States Savings Bonds issued in the names of two or more persons, has been removed. (*Matter of Deyo,* 180 Misc. 32.) Since the bond in question was not transferable, said section 24 of the Personal Property Law

is clearly applicable. The statute expressly provides that the right of an owner, co-owner or beneficiary of such a bond " to receive payment " thereof " according to its terms, and the ownership of the money so received, shall not be defeated or impaired by any statute or rule of law governing transfer of property by will or *gift* or an intestacy ". (Emphasis added.) The note of the commission appended to the section states, *inter alia*, " The removal of these doubts will assure purchasers of such bonds that the persons designated by them as payees will receive the money." (1943 Report of N. Y. Law Revision Commission, p. 636.) The effect of this legislation is an acknowledgment on the part of the State that the Federal statutes which authorize the issuance of United States Savings Bonds and the regulations of the Secretary of the Treasury relating to them, supersede State law to the extent required to assure owners, co-owners and beneficiaries thereof that they will receive the proceeds of the bonds in accordance with their terms. (*Matter of Deyo, supra.*)

Subdivision (a) of section 315.45 of subpart L of the regulations promulgated by the Treasury Department (Code of Fed. Reg., 1945 Supp., tit. 31, p. 3142) insofar as pertinent, provides as follows: " During the lives of both coowners the bond will be paid to either coowner upon his separate request without requiring the signature of the other coowner; and upon payment to either coowner the other person shall cease to have any interest in the bond." Subdivision (c) of the same section provides in part that, " If a coowner dies after he has presented and surrendered the bond for payment, payment of the bond or check, if one has been issued, will be made to his estate ". Subdivision (e) defines the term " presented and surrendered " as " the actual receipt of a bond, for payment, by * * * an incorporated bank or trust company * * * with an appropriate request for the particular transaction." The evidence clearly establishes that during her lifetime the decedent presented and surrendered the bond in question to an incorporated bank in the city of New Rochelle with a request for its payment within the meaning of the regulations.

It is urged, however, that there has been such a demonstration of facts that the court should invoke the equitable principle that a statute may not be used as an instrument to aid in the perpetration of a fraud. Counsel for respondent urges in support of such contention that the brother of decedent was advanced in years and that prior to his adjudication as an incompetent he relied almost exclusively upon the decedent,

his sister, to transact his business affairs. The court is of the opinion that the evidence is insufficient to show that the decedent breached any confidence reposed in her by her brother with respect to the bond in question.

It is further contended that the act of registering the bond in both names was merely a matter of convenience and that the brother of decedent did not thereby intend to relinquish his absolute ownership. No direct evidence to support such contention has been adduced, nor may such fact be fairly inferred from the established circumstances.

The court has made its determination without consideration of the proffered testimony of petitioner, to which an objection was made, as such testimony is held to be inadmissible.

The claim is disallowed. Settle decree on notice.