In the Matter of the Accounting of KALMAN SHAPIRO et al., as Executors of LOUIS GRUTZ, Deceased.

Surrogate's Court, Kings County, June 10, 1952.

*Mitchell J. Sherwin* for executors, petitioners.

*Jacob Goldberg,* special guardian.

*Lester R. Bachiner,* special guardian.

Rubenstein, S.   The accounting executors require a construction of the will to determine if trusts were created under articles "Fourth" and "Sixth (c)" for the benefit of the testator's father and the manner of the distributions thereunder; to determine if a trust was created under article "Sixth (b)" for the benefit of the testator's incompetent sister; and to determine the ownership of certain United States Defense Bonds, Series "E", now in the possession of the executors.

Under the provisions of both articles "Fourth" and "Sixth (c)" funds were to be deposited in savings banks for the use of the testator's father during his lifetime in the amounts mentioned and after the father's death the remaining funds were to be distributed in prescribed percentages to his sisters, a nephew and a niece.   The share of his sister, Sadie, is directed to be deposited in savings banks to be used for her living and maintenance expenses as provided in paragraph "Sixth (b)" of the will.   The latter article's provision for Sadie recites "There shall be deposited in savings banks, 15% to be used for the living and maintenance expenses of my sister, Sadie Grutz.   Any amounts remaining in the savings bank accounts used for the maintenance of Sadie Grutz, shall at the time of her death be given in equal shares to my sisters, Mary Kasper and Lee Grutz, or to their heirs."

The testator contemplated the creation of trusts for the benefit of his father and his sister, Sadie Grutz, under paragraphs "Fourth," "Sixth (b)" and "Sixth (c)."   Testator's

father predeceased him and thereby caused the corpuses of the trusts created under the said paragraphs "Fourth" and "Sixth (c)" to vest in the named remaindermen on the testator's death, except insofar as the share of Sadie Grutz which is directed to be added to the trust for her benefit under paragraph "Sixth (b)." (*Matter of Fordham,* 235 N. Y. 384, 387; *Matter of Mills,* 81 N. Y. S. 2d 8.)

No particular phraseology or form of words is required for the creation of a valid express trust under section 96 of the Real Property Law providing the intention of the creator of such trust is clear (*Matter of De Luca,* 112 N. Y. S. 2d 77, and citations therein). This is equally true in its application to personalty, if the testator manifests an intention to create a trust (*Matter of Babbage,* 201 Misc. 750, 752), nor will the trust fail because no trustee is named (1 Scott on Trust, § 33, p. 209). No trustee is named to administer the trust created for the benefit of testator's father but testator has named his sisters, Mary Kasper and Lee Grutz, as "guardians," which is a misnomer since under the context they are to act as trustees of the trust created for their sister.

The executors hold sixteen United States Defense Bonds of the maturity value of $14,000, each of which is payable to the testator or a co-owner. They require directions in respect to the disposition of these bonds. United States Treasury Department regulations governing United States Savings Bonds Department Circular No. 530 (§ 315.45, subd. [c]) provides that "If either coowner dies without the bond having been * * * surrendered for payment or authorized reissue, the surviving coowner will be recognized as the sole and absolute owner of the bond". (Code of Fed. Reg., 1945 Supp., tit. 31, p. 3142.) Under section 24 of the Personal Property Law the limitations imposed by the United States Government were enacted into statute by providing the right of the person designated to receive payment of the bond shall not be defeated or impaired by any statute or rule of law governing transfer by will or intestacy. These bonds are not estate assets and are payable to the various co-owners named therein and are so to be distributed.

Submit decree, on notice, accordingly.