In the Matter of the Estate of CATHERINE L. R. TIVIDAR, Deceased.

Surrogate's Court, Kings County, September 28, 1954.

*Lorenz, Finn & Giardino* for Anthony Ruvo and others, petitioners.

*Abraham Stember* for Stephen Tividar, as executor of Catherine L. R. Tividar, deceased, respondent.

RUBENSTEIN, S. Petitioners move to strike out respondent's answer and for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, directing the executor to deliver to them ten United States Defense Bonds, each of which is payable upon testatrix' death to beneficiaries named thereon.

Respondent, who is the sole beneficiary, residuary legatee and executor under testatrix' will, admits that he has possession of the bonds but asserts that there is a question of ownership because testatrix listed the same bonds in her will as a bequest to him. It is further contended that if the bonds are deducted from the estate's assets the balance remaining will not be sufficient to reimburse respondent for " funeral, medical expenses, etc., " paid out of his personal funds and that by her will testatrix revoked " all uncompleted gifts."

Petitioners contend that the bonds are nontransferable and that they belong to the beneficiaries named thereon by the testatrix.

United States Treasury Department regulations provide that the surviving beneficiary named in such bonds will be recognized as the sole and absolute owner thereof (*Warren* v. *United States,* 68 U. S. Ct. Cl. 634, certiorari denied 281 U. S. 739; *United States* v. *Janowitz,* 257 U. S. 42; *United States* v. *Sacks,* 257 U. S. 37). The rights of surviving co-owners and beneficiaries to the sole and absolute ownership established by the regulations are matters of Federal law and contract (*Ruddy* v. *Rossi,* 248 U. S. 104).

The nature of the gift and the contractual rights of the beneficiaries named on the bonds are not affected by testatrix' will (Personal Property Law, § 24; *Matter of Grutz,* 203 Misc. 110, 112; *Matter of Laundree,* 277 App. Div. 994; *Matter of Amols,* 184 Misc. 364; *Matter of Kalina,* 184 Misc. 367, 372). The fact that the bonds were not delivered to the beneficiaries is immaterial (*Matter of Hager,* 181 Misc. 431; *Matter of Owens,* 177 Misc. 1006–1007) nor does the possible insolvency of the estate affect ownership rights to the bonds (*Reynolds* v. *Danko,* 134 N. J. Eq. 560; *Matter of Levy,* Orphans Ct., Camden Co., New Jersey, March 10, 1944).

In order to defeat this motion for summary judgment the respondent must establish by his answer that there is some triable issue based on evidentiary facts (*Gordon* v. *New York Institute of Optics,* 277 App. Div. 1100; *Camardella* v. *Eastern Parkway Roller Skating Rink,* 271 App. Div. 985). Respondent contends that there is doubt as to ownership of the bonds because some of the names of the beneficiaries thereon have a middle initial whereas the petitioner does not have such initial in his

name. Petitioner contends that " Joseph F. Ruvo " and " Joseph Ruvo " refer to one and the same person. It is further indicated that testatrix who purchased the bonds likewise left out her own middle initial "L" on some of them. Such variance in the name is not sufficient to constitute a triable issue and in truth there is nothing else to be tried.

Accordingly the motion is granted. Respondent will be directed to deliver the bonds listed in the petition to the persons named thereon as beneficiaries.

Submit order, on notice, accordingly.