Maximilian Moss, S.
Incidental to the petition of the administrator for the judicial settlement of his account a determination is necessary with respect to the claim of objectant to proceeds of certain series E United States savings bonds and to the amount requested by the administrator’s attorney for legal services. The issue to he determined is whether the committee was vested with all the powers of his incompetent ward with respect to the disposition of certain United States savings bonds.
The agreed statement of facts submitted to this court by the parties is substantially as follows: Between the years 1943 to 1948 decedent purchased 24 United States series “ E ” savings bonds registered in the name of decedent August Barletta or John Paul Barletta, the objectant herein. By order dated January 19,1953, of the Supreme Court, County of Kings, decedent was adjudged an incompetent person and the petitioner herein, who is decedent’s brother, was appointed cominittee *137 of his person and property. Petitioner qualified as such committee and continued to act to October 26, 1954, the date of death of decedent. Among the assets received by petitioner upon his qualifying as committee were the above-mentioned United States savings bonds. On or about March 12, 1954, the petitioner as committee delivered the bonds to the Federal Reserve Bank of New York, and requested and received their cash value which amount was deposited in his account as committee.
A final account filed in the Supreme Court, Kings County, by said committee listed the receipt of the proceeds of the aforesaid bonds as part of the incompetent’s estate. John Paul Barletta, the objectant as co-owner of the bonds, filed a claim to the proceeds thereof in the accountmg proceeding of said committee. By order dated November 23, 1954, of the Supreme Court, Kings County, the final account of said committee was judicially settled and the alleged claim of the objectant herein was referred to this court for determination.
The petitioner herein qualified as administrator of decedent’s estate and among the assets received by him as administrator from the committee and set forth in the account of proceedings herein were the proceeds of said bonds. It is the contention of the objectant that upon the death of the incompetent the proceeds of the bonds received by the committee and deposited to his credit in March, 1954, belong to objectant who was the co-owner of said bonds. On the other hand, the petitioner asserts that said proceeds realized during the lifetime of the decedent belong to the estate of decedent.
Petitioner relies upon the United States Treasury Department Begulations promulgated pursuant to section 22 of the Second Liberty Bond Act, as amended (U. S. Code, tit. 31, § 757c), Department Circular No. 530, sixth revision dated February 13,1945 (Code of Fed. Reg., tit. 31, § 315), as further amended by seventh revision May 21,1952 (hereinafter referred to as the regulations) and section 24 of the Personal Property Law of the State of New York.
Petitioner refers to section 315.38 of subpart J, section 315.38 of subpart L, section 315.46 of subpart M of said Treasury Department Circular No. 530 and to a letter received by petitioner’s attorney under date of September 16, 1955, from the Treasury Department in which the writer thereof expressed the opinion that upon payment of the bonds to the committee of the incompetent the co-owner ceased to have any interest in the bonds. The writer of said letter referred petitioner’s attorney to subparts “ L ” and “ N ” of Circular No. 530. Sec *138 tion 315.45 of subpart “ L ” of the regulations provides that bonds held in co-ownership form ‘ ‘ will be paid to either coowner upon his separate request * * * and upon payment to either coowner the other person shall cease to have any interest in the bond. The bond will also be paid to both coowners upon their joint request, in which case payment will be made by check drawn to the order of both co-owners * * * and the check must be endorsed by both payees ”. The above section of the regulations does not deal with a situation where the committee of a co-owner requests payment of the bonds. Section 315.47 of subpart “ N ” of the regulations, in part, provides: “ Upon the death of the owner of a savings bond who was not survived by a coowner or designated beneficiary and who had not during his lifetime presented and surrendered the bond * * * for an authorized reissue, the bond will be considered as belonging to his estate and will be paid or reissued accordingly ”. Again there is nothing in said section of the regulations which may be construed to authorize the committee of a co-owner to surrender the bonds and cut off the rights of a co-owner. On the contrary said subpart “ N ” refers specifically to a situation where deceased owners of bonds are ‘ ‘ not survived by a coowner or designated beneficiary”. Conversely it is apparent that where the “ owner ” of a bond has not presented the bond during his lifetime and cashed it, the bond belongs to the surviving co-owner or designated beneficiary (Matter of Tividar, 206 Misc. 854; Matter of Schubert, 63 N. Y. S. 2d 27, 29) and such a result would follow irrespective of any will or local statute to the contrary (Matter of Sturmer, 277 App. Div. 503, revd. on other grounds, 303 N. Y. 98; Matter of Willoughby, 45 N. Y. S. 2d 177, affd. 268 App. Div. 1046; Matter of Fliegelman, 184 Misc. 792; Matter of Gruts, 203 Misc. 110; Personal Property Law, § 24). Subdivision (a) of section 315.46 of subpart “ M ” provides that bonds which are registered in the name of one person payable on death to another ‘‘ will .be paid to the registered owner during his lifetime upon his properly executed request as though no beneficiary had been named in the registration ”. No mention is made of a committee’s right to cash such bonds in subparts L and N.
A committee is not a registered owner and should not be considered as having the same powers as an owner of the bond. The section of the regulations which has some application to the power of a committee with respect to savings bonds is section 315.38 of subpart J, which provides, in part, as follows: “ Payment to legal guardians. — If the form of registration of a savings bond indicates that the owner is a minor or has been *139 judicially declared to be incompetent to manage his estate and that a guardian or similar representative has been appointed for the estate of such minor or incompetent by a court having jurisdiction or is otherwise legally qualified, payment will be made only to such guardian or similar legal representative.” The above section of the regulations does not refer to bonds registered in the name of co-owners or payable on death to a designated beneficiary. Neither does it confer exclusive power to cash savings bonds registered in the name of more than one person upon the committee of an incompetent co-owner. In the instant case the objectant, as a co-owner of the bonds, could have cashed them without requiring the signature of the decedent or his committee (subpart L, § 315.45; Matter of Laret, 194 Misc. 721).
The powers of a committee are limited to the performance of ministerial acts on behalf of his ward (Viets v. Union Nat. Bank of Troy, 101 N. Y. 563). The committee has no power or authority to perform an act which is deemed personal to his ward (Flynn v. McDermott, 183 N. Y. 62; Camardella v. Schwarts, 126 App. Div. 334; Walter v. Walter, 170 App. Div. 870, affd. 217 N. Y. 439). Just as a committee would have no right to destroy a will of the incompetent and thereby destroy rights of beneficiaries thereunder, by the same token, the committee has no power to destroy the rights of a joint owner of the bonds. A personal right cannot be exercised by one’s committee, except only if the exercise thereof is necessary for the support and maintenance of the incompetent. The committee may not bring an action to annul a marriage (Mainser v. Avril, 108 Misc. 230) or change his ward’s domicile (Matter of Webber, 187 Misc. 674). A committee may not change the beneficiary of an insurance policy or recover the policy from the named beneficiary for the purpose of obtaining its cash surrender value in the absence of proof that the proceeds are necessary for the support and maintenance of his ward (Matter of Wainman, 121 Misc. 318, 321; Chase Nat. Bank of City of N. Y. v. Ginnel, 50 N. Y. S. 2d 345). A committee of the estate of an incompetent discharges a trust under appointment by the court as its agent, officer or bailiff. In effect, the committee becomes a conservator of the incompetent’s property. By such appointment, a ward is not thereby divested of his property. The appointment of the committee serves merely to take away from the incompetent the control and management of his property. (People ex rel. Smith v. Commissioners of Taxes, 100 N. Y. 215, 218.)
*140 Jointly owned savings bonds have some of the earmarks of joint bank accounts which may be paid to either joint owner during their lifetime. As between the Treasury Department and the joint owners, payment to either of the joint owners is conclusive and discharges the government from further liability. However, the rights of the owners of bonds, as between themselves, remain unaffected. Section 315.13 of subpart D of the regulations provides in part: “ conflicting claims as to ownership of or interest in such bond as between coowners or the registered owner and a designated beneficiary, will be recognized when established by valid judicial proceedings and payment or reissue will be made, upon presentation and surrender of the bond ”.
The facts in the case at bar indicate that when the committee cashed the bonds in question the proceeds thereof were not necessary for the actual support and maintenance of his ward. The account of proceedings herein and the final account filed in the estate of the incompetent in the Supreme Court, Kings County, indicates that decedent’s assets were ample for his maintenance. The premature intervention of the committee in cashing the bonds a few months prior to decedent’s death was an unwarranted exercise of his limited powers (Civ. Prac. Act, § 1377: Matter of Rasmussen, 147 Misc. 564).
Petitioner’s contention that there can be no right of survivor-ship in bonds which no longer exist as such is untenable under the law and facts herein. Under its equity powers the court may impress a trust when the identical moneys, as in this case, can be traced (Matter of Remsen, 170 N. Y. 195; Olsen v. Olsen, 189 Misc. 1046; Surrogate’s Ct. Act, § 40). The regulations are not intended to open the door to possible fraud.
The court determines that the claimant herein is entitled to have a trust impressed upon the proceeds realized from the disposition of the bonds in question by the committee of the incompetent decedent. The objections to the account with respect to such moneys received by the petitioner from the committee are therefore sustained. The petitioner will be directed to pay over such proceeds to the claimant objectant herein. The Federal law or Treasury Department regulations are not in conflict with the relief herein granted (Matter of Laret, 194 Misc. 721, supra; Olsen v. Olsen, 189 Misc. 1046, supra; Katz v. Dricoll, 86 Cal. App. 2d 313; Matter of Haas, 10 N. J. Superior Ct. 581; Matter of Damon, 238 Iowa 570: Matter of Johnson, 351 Ill. App. Div. 111; 37 A. L. R. 2d 1242, 1244; United States Treasury Dept. Regulations, Circular No. 530 [7th revision], subpart D, § 315.13 et seq.).
*141 The amount requested by petitioner’s attorney for legal services is fair and reasonable. Objections thereto are dismissed and the amount requested is allowed. Such compensation shall include all services rendered including the decree to be made herein and distribution thereunder. Settle order on notice.