Miles F. McDonald, J.
In this action to impress a trust and for an accounting, defendants Tuck move to dismiss the complaint on the ground that it fails to set forth facts sufficient to constitute a cause of action in that it fails to set forth strong and compelling reasons why the litigation should not be determined in the appropriate Surrogate’s Court; aind on the further ground that there is another action pending between the same parties for the same cause.
An examination of the pleading reveals that the plaintiffs have properly pleaded a cause of action to establish a constructive trust, predicated upon the fiduciary relationship of the deceased and the defendant Hattie Tuck (Beatty v. Guggenheim Exploration Co., 225 N. Y. 380; Foreman v. Foreman, 251 N. Y. 237).
This action to impress a trust does not fall within the class of actions which may be said to come within ‘ ‘ the specialized jurisdiction of the Surrogate’s Court ” as set forth in Noll v. Ruprecht (256 App. Div. 926, affd. 282 N. Y. 598) and, consequently, does not require the plaintiffs to specially plead jurisdictional facts and may not be dismissed for failure to do so. However, while this court has jurisdiction over the subject matter and the complaint is sufficient in law, it is the policy of the Supreme Court of this State, unless special facts and circumstances require, to concentrate in the Surrogate’s Court all matters affecting the administration of a decedent’s estate where the court has complete power to safeguard the interests of the parties (Noll v. Ruprecht, supra; Matter of Ranft, 268 App. Div. 136; Matter of Smith, 120 App. Div. 199). The jurisdiction of the Surrogate’s Court is broad enough to include actions in equity such as the instant case (Matter of Shearn, 154 N. Y. S. 2d 485; Matter of Barletta, 2 Misc 2d 135).
It further appears that the subject matter of this action and the identity thereof as well as some of the parties are not the same as those in the Surrogate’s Court proceeding.
Accordingly, the motion to dismiss must be denied. Nevertheless under the prayer for such other and further relief, etc., the court directs a transfer of this action to the Surrogate’s Court pursuant to the provisions of section 40 of the Surrogate’s Court Act, conditioned upon the entry of an order by the learned Surrogate accepting such transfer as required by said section. *811 Should, the learned Surrogate refuse to accept such transfer the motion is denied. The order to he entered herein shall await the action of the learned Surrogate. If no action is taken within 20 days an order may be entered herein denying said motion. Settle order on notice.