W. Newcomb Galyer, S.
The account filed herein includes as assets of the estate, certain United States Government, Series E, Bonds, which are stated to have been in the names of the decedent and his mother, Frances E. Touchstone, and which the petitioner claims belong to her because of a provision in the decedent’s will.
No formal objections to the account have been filed, but, by somewhat devious methods, the question of ownership of the bonds in question has been presented for determination.
It is undisputed that the decedent purchased these bonds with his own funds, and kept them in his possession until his death. The petitioner claims that the bonds were in the names of the decedent and his mother, and argues that there was never a completed gift thereof to the mother. Under paragraph “ sixth ” of the .decedent’s will, he attempted to bequeath these bonds to his widow, the petitioner herein. It is on this state of alleged facts that the petitioner claims ownership of the bonds.
Actually, however, the bonds were issued in the name of the decedent’s mother, Frances E. Touchstone, payable on death to the decedent, Francis M. Touchstone. Under United States Treasury Department Regulations, these bonds belonged to the *967 decedent’s mother and were not a part of the decedent’s estate (Matter of Christie, 130 N. Y. S. 2d 650). Furthermore,- the attempted bequest of the bonds to one other than the registered owner, was ineffective (Personal Property Law, § 24; Matter of Tividar, 206 Misc. 854).
Cases holding that ownership of Series E, United States Savings Bonds cannot be transferred either by inter vivos gift, gift causa mortis, or by will, but that they belong to the registered owner whose name appears on the bond, are so numerous that further citation thereof seems unnecessary.
It is therefore, held, that the bonds in question belong to the decedent’s mother, Frances E. Touchstone, were never a part of the decedent’s estate, and were not transferred to the petitioner by the decedent’s will. Whatever disposition may have been made of these bonds by Frances E. Touchstone, subsequent to the decedent’s death, is not before me for determination, since, her acts would in no way affect the settlement of the estate, by the executrix thereof.
Proceed accordingly.