OPINION OF THE COURT
Bertram R. Gelfand, J.
In this contested accounting proceeding, objectants have moved, pursuant to CPLR 3211 (a) (2), to dismiss so much of the petition as specifically seeks a direction declaring null and void the designation of objectants as beneficiaries of certain series EE United States savings bonds. Movants contend that the United States Department of the Treasury Regulations governing United States savings bonds (31 CFR part 315) deprive this court of jurisdiction over the subject matter of the bonds at issue.
Movants rely on section 315.20 (a) of the regulations (31 CFR) which provides, inter alla, that the Department of the Treasury will not recognize “a judicial determination that impairs the right of survivorship conferred by these regulations upon a coowner or beneficiary” (since the bonds at issue were series EE and not series E, the germane section is 353.20 which contains identical language). Petitioner argues in opposition to the motion that the section relied on by movants (and implicitly its germane equivalent) is inapplicable and that the issues are governed exclusively by section 353.71 (b) of the regulations. The latter division provides, in relevant part, as follows: “(b) After administration. If the estate of the decedent has been *181 settled through judicial proceedings, the bond and interest and redemption checks will be paid, or the bond will be reissued, upon the request of the person shown to be entitled by the court order. The request must be supported by a certified copy of the legal representative’s court-approved final account, the decree of distribution, or other pertinent court records.”
Petitioner’s reliance on section 353.71 (b) is misplaced. This section applies to those situations in which the decedent is the sole owner named on the bond. In those cases there is no alternate payee and the Treasury Department will pay the proceeds as directed in the State proceedings to administer the estate of the deceased owner of the bond. The regulation here applicable to the obligation of the United States Treasury Department provides that upon due proof of the death of an owner of bonds registered in beneficiary form, “the beneficiary will be recognized as the sole and absolute owner of the bond” (31 CFR 353.70 [c] [1]). Such result would follow irrespective of any will or statute governing distribution of property (see, EPTL 13-3.1).
Nevertheless, movants’ reliance on the Treasury Department Regulations as depriving this court of jurisdiction to entertain an equitable claim to the proceeds of the bonds is also misplaced. The Treasury Department Regulations simply govern the limit of the responsibility of the United States with reference to the payment of savings bonds. However, it is well established that the retention by a beneficiary of the proceeds of the United States savings bonds may be challenged in the State courts by an individual claiming he is the rightful and equitable owner of the proceeds collected by the named beneficiary (see, Silverman v McGinnes, 259 F2d 731; Matter of Klarfeld, 38 Misc 2d 688; Matter of Barletta, 2 Misc 2d 135; Matter of Laret, 194 Misc 721; Olsen v Olsen, 189 Misc 1046; Ann., 51 ALR2d 163; Ann., 40 ALR2d 788). The prosecution of such a claim is a dispute to which neither the United States nor any of its departments is a party.
Unfortunately, although this court would have subject matter jurisdiction over an equitable action against the beneficiaries by decedent’s estate, the exercise of this jurisdiction is precluded by the form of petitioner’s application. Although the thrust of the petition appears to embody a claim that decedent’s estate has an equitable right to the proceeds of the bonds by dint of the named beneficiaries having been designated at a time when decedent was incompetent to perform such an act, the citation prepared by petitioner pursues a different course. The citation is limited to seeking a determination that the designations of beneficiary *182 be “declared null and void” and “the proceeds of the aforementioned savings bonds * * * be distributed to * * * decedent’s father, individually” (decedent’s mother has waived her distributive interest in the estate). In effect, the citation seeks a direction from this court to the United States Treasury Department to disregard the respective designations of beneficiary appearing on the various bonds and to pay the proceeds instead directly to decedent’s only distributee who has retained an interest in her estate. This relief is clearly in conflict with the Federal regulations and is beyond the jurisdiction of this court.
Accordingly, the motion to dismiss is granted without prejudice to petitioner’s seeking, in his fiduciary capacity, to assert by an appropriate proceeding a claim that decedent’s estate has an equitable right to recover from the named beneficiaries sums equal to the payments they received on the bonds referred to in the petition. Such a proceeding would be within the subject matter jurisdiction of the Surrogate’s Court.