### In re WYCHE.
### No. 6564.

**District Court, W. D. Louisiana.**
**Aug. 25, 1943.**

Mabry & Carstarphen, of Shreveport, La., for bankrupt.

Samuel P. Love, of Shreveport, La., for Bossier State Bank.

DAWKINS, District Judge.

The Bossier State Bank, whose claim was filed and allowed, seeks a review of the ruling of the Referee recommending the granting of a discharge to the bankrupt. The bankrupt has answered, praying the adoption of the ruling of the Referee; and in the alternative, that the matter be remanded, with directions to permit trial of his allegation that the claim of the Bossier Bank had been paid since filing of the proceedings.

The grounds of the opposition were: (a) Failure to list certain assets consisting of two war bonds for the sum of $25,000 each; (b) concealing the same bonds; (c) failure to list cash "between $15 to $100"; (d) failure to list earned but unpaid salary; (e) making a false oath to his schedules in which said property and funds were omitted; (f) the violation of section 29 sub. b(2) of the Bankruptcy Statute, 11 U.S.C.A. § 52, sub. b(2); (g) failure to list a Ford pick-up truck among his assets; and (h) failure to list other property unknown to opponent.

The matter was tried before the Referee and a full record of the evidence made. After a careful review of the facts and the law, and without finding it necessary to discuss the same at this time, I am of the opinion the recommendation that the discharge be granted should be adopted. The written opinion of the Referee therefore is adopted and affirmed. It becomes unnecessary to consider the alternative question of whether, in the trial of an opposition to a discharge, the Court should go into the question of payment of the opponent's claim.

Proper decree should be presented.