In the Matter of the Estate of JOSEPH HAGER, Deceased.

Surrogate's Court, New York County, November 18, 1943.

*Hyman Borman* for Nathan Hager, petitioner.

*Simon Schechter* for Lizzie Hager, respondent.

FOLEY, S. This is an application brought pursuant to section 206-a of the Surrogate's Court Act to compel the administratrix of the estate to turn over to the petitioner eight United States Savings Bonds, series E, each of the face value of fifty dollars, alleged to be in her possession. On the return day of the citation the respondent administratrix appeared and filed an answer claiming that the bonds were delivered to her in payment of an indebtedness due her from the decedent and asserting ownership to them. The petitioner thereupon moved to dismiss the answer as insufficient in law. The motion is granted. (*Matter of Deyo*, 180 Misc. 32; *Matter of Karlinski*, 180 Misc. 44; Personal Property Law, § 24, added by L. 1943, ch. 632.) The bonds were issued in the name of the decedent, payable on death to Nathan Hager, the petitioner. As I pointed out in *Matter of Deyo*, under the form in which the bonds were issued, the beneficiary acquired a present interest at the time the bonds were purchased by the decedent, though such interest could not take effect in enjoyment until after the death of the decedent. Under the Treasury Regulations (§ 315.8) they are not transferable and are payable only to the persons therein named. Mere delivery of the bonds to the respondent, even though for valuable consideration as claimed by her, could not confer title in her. The decedent could have surrendered the bonds for redemption in his lifetime, but he was without power to eliminate the name of the petitioner as beneficiary during the latter's lifetime. I accordingly hold that the bonds are the property of the petitioner.

Submit decree on notice directing the delivery to him accordingly.