Thomas A. Aurelio, J.
This is a motion for summary judgment by plaintiff. The action was instituted to recover certain United States Government, Series E, bonds and a policy of life insurance alleged to be wrongfully withheld from plaintiff by defendant. The material facts as contained in the pleadings and the affidavits submitted on this motion are as follows: plaintiff is a sister of one Luigi Avitabile, deceased. Defendant is the widow of said Luigi Avitabile, and his administratrix. It appears that the decedent during his lifetime, between February, 1942 and July, 1949, purchased 24 United States, Series E, bonds of the face value of approximately $17,000 all of which were taken out in his name payable on his death to plaintiff. It further appears that decedent made plaintiff beneficiary of a certain life insurance policy owned by him in the Metropolitan Life Insurance Company, the value of which is approximately $2,100. All of said bonds and the policy are in the possession of defendant who refuses to deliver them over to plaintiff in response to her demand. Plaintiff asks that defendant be ordered to deliver said bonds and policy to her.
Defendant’s answer, in effect, concedes that she holds the bonds and policy in question and that plaintiff is the named beneficiary thereof but alleges as a defense and counterclaim, in substance, that decedent married her on January 10, 1953 and that after his marriage decedent entered into an alleged agreement with plaintiff wherein it was agreed that she would assign all her right, title and interest in the bonds in question over to decedent’s wife (defendant herein) and child (born in April, 1954) upon decedent’s death but that despite defendant’s *586 demands this has not been done. Defendant asks that plaintiff be ordered to transfer all her right, title and interest in the bonds to defendant and her child.
Plaintiff in her moving papers flatly denies the existence of any agreement between her and decedent concerning a transfer of the bonds and asks for summary judgment relying upon the United States Treasury Department Regulations relating to Federal Government Savings Bonds and their issuance and redemption which, among other things, permit the registration of such bonds in the form used in this case and also provide that such savings bonds are not transferable and are payable only to the persons named therein. The authority for such regulations comes from Act of Congress (U. S. Code, tit. 31, § 757c, subd. [a]). Plaintiff further urges that section 24 of the Personal Property Law of the State of New York conclusively establishes her right to the bonds.
It is also pointed out that defendant has raised no defense to plaintiff’s claim with respect to the life insurance policy mentioned in the complaint.
Defendant in her opposing affidavit, repeats the claim of an alleged agreement by plaintiff with decedent and in support thereof submits two affidavits by a husband and wife, allegedly close friends of defendant and her late husband. The tenor of said affidavits is that decedent had told each of them about the bonds and his sister’s (plaintiff’s) alleged promise to turn them over to defendant’s child upon decedent’s death. There is no other evidence as to the existence of an agreement except those statements which are categorically denied by plaintiff. The defendant makes no attempt to dispute the legal principles relied upon by plaintiff but in effect has asked this court to apply its equitable powers on behalf of her and her son by denying the motion.
The question presented here pertaining to the rights of a beneficiary of United States Savings Bonds to the proceeds thereof has been extensively discussed in many prior cases. The courts of this State have uniformly held in such cases that the right of a beneficiary to enforce payment of the bond after the death of the registered owner will be recognized and protected. In the form in which the bonds in this case were issued the beneficiary acquired a present interest at the time the bonds were purchased although such interest could not take effect in enjoyment until after the death of decedent. Under the treasury regulations they are not transferable and are payable only to the person named. Under those regulations decedent could have surrendered the bonds for redemption at *587 any time in Ms lifetime but was without power to eliminate the name of the designated beneficiary during her lifetime. Accordingly, the bonds in question are the property of plaintiff (Matter of Deyo, 180 Misc. 32; Matter of Kalina, 184 Misc 367; Matter of Hager, 181 Misc. 431; Personal Property Law, § 24).
The attempt to prove the alleged agreement of plaintiff to assign the bonds, by the mere statements in the opposing affidavits, falls far short of the weight of proof necessary to establish such an agreement. But even if such an agreement were made, that could not transfer title in the bonds to defendant (Matter of Hager, supra).
Concerning plaintiff’s right to the life insurance policy referred to in the pleadings, defendant has completely failed to raise any issue.
In the light of the foregoing no triable issue is presented in this case and the motion for summary judgment is accordingly granted. Settle order.