EULOGIA BARRIOS, demandante y apelada, *v.* SUCN. DE MARCOS A. MANZANO, demandados y apelantes.

Número 11300.

*Sometido:* 14 de enero de 1957.   *Resuelto:* 20 de mayo de 1957.

*Eduardo Urrutia Martorell,* abogado de los apelantes; *Arturo Ortiz Toro* y *Manuel Abréu Castillo,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En una acción sobre reclamación de bienes y otros extremos, la Sala de San Juan del Tribunal Superior, dictó sentencia condenando a la Sucesión del Dr. Marcos A. Manzano Soto, compuesta por sus hijos Miguel Manzano Arroyo, María Eugenia Manzano Cubarón y María Antonia Manzano Vélez, a pagar a la allí demandante Eulogia Barrios, la suma de $14,389.69 más los intereses, costas y $300 para honorarios de abogado. Habiéndose desestimado el recurso de apelación interpuesto contra dicha sentencia, la misma se convirtió en firme.

En virtud de una orden sobre ejecución de sentencia, el márshal procedió a embargar, incautándose de ellos, varios Bonos de Ahorro de los Estados Unidos, Serie E, por valor total de $3,500 registrados a nombre del Dr. Marcos A. Man-

zano Soto.(¹) Señalada fecha para la venta en pública subasta de dichos bonos comparecieron los demandados alegando que dichos bonos estaban exentos de embargo y ejecución. Por estipulación de las partes, la corte suspendió la subasta, y ordenó al márshal para que en su carácter de representante legal de la sucesión demandada, según fué estipulado, procediera a endosar y cobrar los referidos bonos y retuviera su producido hasta nueva orden.

El alguacil trató infructuosamente de dar cumplimiento a la orden del tribunal. Los bancos locales se negaron a cambiar los bonos, alegando que los mismos eran intransferibles; estaban sujetos a los Reglamentos del Tesorero de los Estados Unidos, y exentos de embargo y ejecución de sentencia.

Resolviendo posteriormente la moción sobre exención de embargo y ejecución, el tribunal dictó una resolución declarando que los referidos Bonos de Ahorro de los Estados Unidos no estaban exentos de ejecución de sentencia y dispuso:

"En vista de lo anterior y de lo que el tribunal entiende son los mejores intereses de la justicia, por la presente se ordena a los demandados comparecer con el Alguacil de este tribunal a la institución bancaria correspondiente y cambiar los bonos en cuestión y depositar el producto de dichos bonos en la Secretaría de este Tribunal a disposición de la parte demandante."

En este recurso de apelación se ataca la validez de la referida resolución.

De acuerdo con nuestras leyes, los Bonos de Ahorro

(¹) De acuerdo con la Circular núm. 30 del Departamento del Tesoro de los Estados Unidos (31 Code Fed. Regs.), sec. 315.4(a), el comprador de bonos Serie E puede registrarlos en nombre de un solo dueño, de dos condueños, o de un condueño, y a la muerte de éste de un beneficiario designado. Esta forma de registro se considera concluyente en cuanto al dominio e interés en el bono, sec. 315.2, excepto lo que de otro modo se dispone en los reglamentos. Ejemplos: (a) reclamaciones conflictivas en cuanto al dominio del bono serán reconocidas cuando se establezcan mediante procedimientos judiciales válidos (Sec. 315.13); (b) durante la vida de dos condueños, el bono se paga a cualquiera de ellos, a su requerimiento y sin requerirse la firma del otro condueño, y una vez verificado el pago a cualquiera de ellos, cesa todo interés del otro en el bono. (Sec. 315.45(a).)

de los Estados Unidos no están exentos de ejecución. Art. 249 del Código de Enj. Civil, Ed. 1933, 32 L.P.R.A., Sec. 1130.([2])

Sin embargo, el contrato de préstamo existente entre los adquirentes de los bonos y el Gobierno de los Estados Unidos, es un contrato federal y se rige por las leyes y reglamentos federales. Las leyes estatales están supeditas a lo provisto por la ley federal y por el Reglamento del Tesoro en todo lo que conflija con éstas. *De Jesús, Ex parte, De Jesús, Opositores*, 68 D.P.R. 697. En este caso de *De Jesús*, analizamos algunas de las disposiciones de la sec. 315 del Reglamento promulgado por el Secretario del Tesoro de los Estados Unidos en relación con los bonos emitidos por el Gobierno de los Estados Unidos. Agregamos ahora que conforme a lo dispuesto en la sec. 315.47 de dicho reglamento, cuando el dueño de un bono fallece, sin que le sobreviva un condueño o un beneficiario designado, se considera que el bono pertenece al caudal hereditario del dueño fallecido y es pagadero a sus herederos. Por lo tanto, al fallecer el Dr. Marcos A. Manzano Soto, los bonos registrados a su nombre pasaron a su caudal hereditario y son pagaderos a su sucesión, compuesta según hemos dicho, de sus hijos Miguel Manzano Arroyo, María Eugenia Manzano Cubarón y María Antonia Manzano Vélez.

Aunque la acción seguida por Eulogia Barrios contra la Sucesión del Dr. Manzano, era una sobre división de comunidad y cobro de dinero por servicios prestados, no se discutió en ella el título o dominio de los bonos en cuestión, ni el Tribunal sentenciador hizo pronunciamiento alguno en cuanto al dominio de dichos bonos. La sentencia dictada con-

---

([2]) No es correcto afirmar, según contiende la apelante, que los Bonos del Gobierno de los Estados Unidos, en cuanto a su exención de ejecución, gozan del mismo privilegio que el producido de una póliza de vida. A no ser por la exención estatutaria el producido de una póliza pagadera a los albaceas, administradores o representantes legales del asegurado, respondería de las deudas del difunto y estaría sujeto a embargo y ejecución por sus acreedores. *Schlüter* v. *Sucn. Díaz*, 41 D.P.R. 885.

dena a la sucesión demandada a pagar a la demandante una cantidad específica de dinero. No se trata por tanto, en este caso, de satisfacer el importe de los bonos a una persona condueña de los mismos, ya que el litigio no versó sobre reclamación en conflicto en cuanto al dominio o interés en dichos bonos entre condueños o entre el dueño registrado y un beneficiario designado. Por el contrario, la demandante está tratando de ejecutar su sentencia en parte, cobrando el producido total de dichos bonos. Ella es, en relación con la sucesión demandada, simplemente una acreedora por sentencia.

El derecho de un acreedor por sentencia a cobrar su crédito de bonos de los Estados Unidos, está permitido y reglamentado por el Tesorero de los Estados Unidos. A este efecto, la Circular núm. 530 de 13 de febrero de 1945, 31 C.F.R., sec. 315, dispone:

"315.13. Procedimientos judiciales (acreedores por sentencia, síndicos de quiebra, síndico de bienes de un insolvente y reclamantes en conflicto). Una reclamación contra un dueño o condueño de un bono de ahorro y reclamaciones en conflicto en cuanto al dominio de, o, al interés en, dicho bono entre condueños o, entre el dueño registrado y un beneficiario designado, serán admitidas una vez establecidas mediante procedimientos judiciales válidos y el pago o la nueva emisión se harán a la presentación y entrega del bono, sujeto a las siguientes excepciones:

"(a) No se admitirán tales procedimientos si han de darle efecto a un supuesto traspaso voluntario inter vivos del bono, o si han de anular o menoscabar los derechos de supervivencia conferidos por los reglamentos en este particular a un condueño o beneficiario supérstite.

"(b) Un acreedor por sentencia, un síndico de quiebra o un síndico de bienes de un insolvente tendrán derecho al pago (más no a una nueva emisión) y el pago a un acreedor por sentencia estará limitado al valor de redención en vigor treinta días después de terminados los procedimientos, o en vigor a la fecha que se reciba el bono, cualquiera que sea menor.

"(c) Si un deudor, o quebrado, o insolvente, no es el único dueño del bono, el pago se hará solamente hasta el límite de su

interés en el mismo, interés que deberá ser determinado por la corte, o válidamente establecido de otro modo."

Interpretando las anteriores disposiciones reglamentarias, la apelante sostiene que "el principio general por el cual cualquiera sentencia de un tribunal sería reconocida por el Tesorero de los Estados Unidos, consiste en que la sentencia se refiera a reclamaciones conflictivas entre condueños de cualquier bono u obligaciones del Gobierno Federal, entre partes que reclamen algún interés en el título de propiedad del bono, cosa que no está en controversia en este caso".

No es así. La reglamentación del Tesorero de los Estados Unidos no tiene la limitación que le da la apelante. La sec. 315.13 expresamente reconoce el derecho de un acreedor por sentencia a cobrar de los bonos registrados a nombre del deudor. Para que la reclamación contra el dueño o condueño de un bono sea admitida, conforme lo dispone la citada sección del reglamento federal, la misma deberá ser establecida mediante procedimientos judiciales válidos y el pago se hará a la presentación y entrega del bono, sujeto a las excepciones enumeradas bajo las letras (a), (b) y (c), que en cuanto al acreedor por sentencia, son (1) no se admitirán los procedimientos si su propósito es darle efecto a un supuesto traspaso voluntario inter vivos del bono, o el de anular o menoscabar los derechos de supervivencia conferidos por los reglamentos en este particular a un condueño o beneficiario supérstite; (2) el acreedor por sentencia tiene derecho al pago, más no a una nueva emisión del bono, y dicho pago está limitado al valor de redención en vigor treinta días después de terminados los procedimientos, o en vigor a la fecha que se reciba el bono, cualquiera que sea menor; y (3) el pago se hará hasta el límite del interés del deudor en el bono, según ha sido determinado por la corte, o establecido válidamente de otro modo.

Los hechos de este caso no caen bajo ninguna de las tres excepciones antes mencionadas.

La ejecución de la sentencia dictada a favor de la deman-

dante-apelada no tiene el propósito de darle efecto a un supuesto *traspaso voluntario* inter vivos a los bonos, ni el de anular o menoscabar los derechos de supervivencia conferidos por los reglamentos a un condueño o beneficiario.([3]) Ya hemos dicho que los bonos objeto de ejecución, están registrados a nombre del Dr. Marcos A. Manzano Soto únicamente. No hay, por tanto, derecho o interés en los bonos de un condueño o de un beneficiario supérstite. El tribunal a quo tampoco ha ordenado que se haga una nueva emisión de dichos bonos a favor de la acreedora, ni que se paguen a ésta, sino que su orden se limita a que los herederos del Dr. Manzano Soto, cobren los bonos y depositen su producido en corte a disposi-

---

([3]) Convenimos en que un problema más difícil se presenta cuando el acreedor por sentencia trata de cobrar de unos bonos registrados a nombre del deudor y de un condueño, o del deudor, y en caso de muerte de éste, de un beneficiario designado. (Véase 32 Minn. L. Rev., pág. 158 y siguientes.) Ya hemos visto que la sec. 315.13(a) dispone que los procedimientos judiciales no se reconocerán si tienen el efecto de anular o menoscabar los derechos de supervivencia conferidos por los reglamentos a un condueño o beneficiario supérstite; que son a saber: la sec. 315.45(e) dispone que el pago se hará al beneficiario supérstite si el dueño del bono muere sin haberlo presentado y entregado para su cobro o para una nueva emisión; y la sec. 315.45(c) provee que el pago se hará al condueño si el otro condueño muere sin que el bono haya sido presentado y entregado para su cobro o para una nueva emisión.

Sin embargo, la sec. 315.13(c) dispone que el acreedor tiene derecho al pago hasta el límite del interés del deudor, quebrado o insolvente. ¿Cuál es entonces el derecho que los reglamentos conceden al condueño o beneficiario supérstite contra los acreedores? Hasta donde nosotros conocemos los tribunales no han dado una contestación categórica a esta pregunta. Aunque ha prevalecido el derecho de los acreedores sobre el condueño o beneficiario en casi todos los casos en que el dueño deudor ha estado envuelto en un procedimiento de quiebra o en un procedimiento suplementario, los fundamentos aducidos, no descansan en la citada sec. 315.13. Véase *Saper v. Sussman* (1945), 56 N.Y.S.2d.377; *In re Wyche* (1943), 51 F. Supp. 825; *Morris Plan Industrial Bank* v. *Finn* (1945), 149 F.2d 591; *In re Bartlett* (1947), 71 F. Supp. 514; *Iowa Methodist Hospital* v. *Long* (1944), 12 N.W.2d 171. En otros casos en que han estado envueltos acreedores, se ha sostenido que el interés del beneficiario supérstite no puede estar subordinado a los derechos de los acreedores del caudal hereditario del dueño comprador del bono. *In re Briley Estate,* (1945), 21 So.2d 595; *In re Hager's Estate,* (1943), 45 N.Y.S.2d. 468. Véase, sin embargo, como argumento en contra, Shelton's *"Creditor's Rights in War Savings Bonds"*, 18 Tennessee L. Rev., pág. 269; *"Rights of Registered Co-Owners and Beneficiaries of United States War Savings Bonds"*, 52 Yale L. Journal, pag. 917.

ción de dicha acreedora. Y por último, el interés del Dr. Manzano Soto, en dichos bonos no tenía límite, ya que según hemos dicho él era el único dueño de los mismos. Como parte de su caudal hereditario, el producido de dichos bonos está sujeto a la ejecución de la sentencia dictada a favor de la apelada.(⁴)

Nuestras leyes no lo prohiben, ni están en conflicto con los Reglamentos del Tesoro Americano. Por el contrario, la orden apelada encuentra apoyo en éstos. Por tanto, dicha orden no es errónea y *debe ser confirmada*.

El Juez Asociado Sr. Marrero no intervino.

---

(⁴) En un caso como el presente la orden original dictada por el tribunal a quo, no estaba en conflicto con los Reglamentos del Tesoro Americano, a pesar de lo que en contrario opinaron las instituciones bancarias locales.

---

Por otro lado, aunque nada hay en dichos reglamentos que prohiba una orden de endoso como la que motiva este recurso, tales órdenes de endoso serán válidas siempre que no violen los susodichos Reglamentos.